Monte J. White and Associates
Monte J. White
1106 Brook Ave, Hamilton Place
Wichita Falls, TX 76301
(940) 723-0099
(940) 723-0096 Fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| Shelley Jan Guilliams § | Case No. 06-70220-HDH-7 |
|     Debtor § | |
| § | |

| | |
|---|---|
| Pamela Lee Barlow § | Adversary No. 06-07006 |
|     Plaintiff § | |
| v. § | |
| Shelley Jan Guilliams § | |
|     Defendant § | |

**DEFENDANT SHELLEY JAN GUILLIAMS' RULE 12(b)(6)
MOTION TO DISMISS ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rules of Bankruptcy Procedure 7009 and 7012, Defendant, Shelly Jan Guilliams ("Ms. Guilliams"), hereby files her Motion to Dismiss Original Complaint (the "Motion to Dismiss") and respectfully states as follows:

**I.**

**SUMMARY OF ARGUMENT**

    The Original Complaint does not state facts sufficient to support any causes of action against Defendant, Shelly Jan Guilliams.  This Motion can be divided into two independent subparts, each addressing certain causes of action raised by Pamela Lee Barlow (the "Plaintiff") in the *Original Complaint*.

    First, the complaint made under 523(a)(2)(6), is made only in Plaintiff's prayer and not addressed in the body of the *Original Complaint,* other than by conclusory allegations and opinions that are void of any factual detail.  This cause of action should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

    Second, Plaintiff's complaint under 11 U.S.C. §727, for a determination that the Debtor is not entitled to receive a discharge, contains no specific allegations or factual assertions. No claim exists for the Court to grant relief against Ms. Guilliams related to §727 and the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

## II.
## ARGUMENT AND CITATION OF AUTHORITY

This Court should dismiss all causes of action of the Original Complaint against Ms. Guilliams pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff can prove no set of facts that would entitle her to relief. *See ABC Arbitrage Plaintiffs Group v. Tchuruk,* 291 F.3d 336, 348 (5th Cir.2002). A motion to dismiss may be granted when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), or the complaint lacks an allegation regarding a required element necessary to obtain relief. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

While the Court must accept all well-pleaded factual averments as true, it need not accept as legal conclusions and unwarranted factual inferences as true and it need not conjure up unpled facts that might turn a frivolous claim into a substantial one. A plaintiff must plead specific facts, not mere conclusory allegations in order to avoid dismissal for failure to state a claim. As such, courts "will thus not accept as conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224F.3d 496, 498 (5th Cir. 1994).

As discussed below, claims made in Plaintiff's *Original Complaint,* merely assert conclusory allegations and opinions that are void of any factual detail. Therefore, the Plaintiff has failed to state any claim for which relief can be granted and each of the aforementioned causes of action should be dismissed.

1. **Complaint Under 523(a)(2)(6) is Vague and Contains Insufficient Fact**

The complaint under 523(a)(2)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity has not been pled with any particularity and should be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted. The Plaintiff has alleged no specific actions, dates or incidents relative to her claim of malicious injury by the Defendant. The Plaintiff merely states that the Defendant committed "actual malice, theft and embezzlement", and alleges no specific actions by Ms. Guilliams in conjunction therewith. The *Original Complaint* has failed to put Defendant on adequate notice of the particular transactions, incidents, or relative set of facts for which "actual malice, theft, and embezzlement" have been claimed.

2. **Complaint Under §727 is Non-Specific and Contains No Supporting Fact**

The complaint under §727, to determine dischargeability is silent as to the subsection for which Plaintiff makes a claim under §727. Plaintiff does not provide any evidence or even state on what grounds the cause of action under §727 is asserted. In fact, the mention of a cause of action is actually brought as an afterthought in paragraph 3 of Plaintiff's Original *Complaint* and is not referred to again, even in Plaintiff's prayer.

### III.
### CONCLUSION

Plaintiff's claims under §523(a)(2)(6) for willful and malicious injury by the debtor to another entity or to the property of another entity and under §727 for a determination that the Debtor is not entitled to receive a discharge should both be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, Shelley Jan Guilliams, request that the Court enter an order dismissing the Plaintiff's Original Complaint (without leave to replead) and that she be awarded her attorney's fees and all costs of court associated with this motion; and grant such other and further relief, whether at law or in equity, as she may be justly entitled.

Respectfully submitted,

/s/Monte J. White, Attorney for Defendant
Monte J. White & Associates, P.C.
1106 Brook Ave
Wichita Falls, TX 76301
(940) 723-0099
(940) 723-0096 Fax

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was served on November 9, 2006, to the following by ECF, Fax and/or via certified mail, return receipt requested as indicated:

/s/Monte J. White
Attorney for Debtors

Plaintiff: Pamela Barlow  CMRRR#7005 2570 0000 8865 0441
504 North Mill
Bowie, Texas 76230

Attorney for Plaintiff: Law Offices of Ron L. Yandell  VIA ECF & FAX 940-761-3133
705 Eighth Street, Suite 720
Wichita Falls, TX 76301